HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JULAINE SOLOMON,<br><br>        Plaintiff,<br><br>   v.<br><br>SOCIAL SECURITY,<br><br>        Defendant. | CASE NO. C11-5114RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled court upon Plaintiff's Amended Complaint [Dkt. #4]. Having considered the entirety of the records and file herein, the Court finds and rules as follows:

On February 7, 2011 plaintiff filed an Application to Proceed *In Forma Pauperis* and a proposed Complaint. The Complaint named as defendants "Social Security and the County." The Application was deficient because it lacked a signed written consent for payment of costs and the Complaint was deficient because it did not conform to the requirements of Fed. R. Civ. P. 8(a). Consequently, on February 8, 2011, this Court entered an Order directing the plaintiff to cure the deficiencies noted above within 14 days or face dismissal. On February 22, 2011,

ORDER- 1

plaintiff filed the required signed written consent for payment of costs and an Amended Complaint.

A complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the Court to the extent the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Section 1915(e)(2) mandates that the court reviewing a complaint filed pursuant to the *in forma pauperis* provisions of Section 1915 make and rule on its own motion to dismiss before directing that the complaint be served pursuant to Fed. R. Civ. P. 4(c)(2). *Lopez,* 203 F.3d at 1127 ("[S]ection 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (nothing that "the language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (citations omitted). In other

1 words, failure to present enough facts to state a claim for relief that is plausible on the face of the
2 complaint will subject that complaint to dismissal. *Id* at 1974.

3       The court must construe the pleading in the light most favorable to plaintiff and resolve
4 all doubts in plaintiff's favor. However, conclusory allegations of the law, unsupported
5 conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*,
6 395 U.S. 411, 421 (1969). Neither can the court supply an essential fact a plaintiff has failed to
7 plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266,
8 268 (9th Cir. 1982)). "Under Ninth Circuit case law, district courts are only required to grant
9 leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to
10 amend if a complaint lacks merit entirely." *Lopez v. Henderson*, 203 F.3d 1122, 1129 (9th Cir.
11 2000). *See also, Henderson v. Pacific Properties and Development Corp.*, 358 F.3d 1097, 1106
12 (9th Cir. 2004), citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court
13 should grant leave to amend even if no request to amend the pleading was made, unless it
14 determines that the pleading could not be cured by the allegations of other facts.")

15       As currently plead, Plaintiff's Amended Complaint is subject to *sua sponte* dismissal
16 under 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be
17 granted. Plaintiff's Amended Complaint is incomprehensible. She apparently is complaining of
18 mistreatment by unidentified individuals at some unidentified time at the Social Security Office,
19 possibly in Tacoma. She also appears to be complaining about action of an unidentified police
20 department that occurred nine years ago.

21       In this Court's February 8, 2011 Order, directing the plaintiff to file an Amended
22 Complaint she was informed of the requirements of a Complaint under Fed. R. Civ. P. 8(a), and

23

24

ORDER- 3

was warned that the failure to do so would result in the dismissal of her Complaint. Specifically, she was directed to file an Amended Complaint which includes:

    (1) the basis for this Court's jurisdiction;

    (2) a factual statement explaining who did what to whom and when such actions occurred; and

    (3) the relief she is seeking.

Plaintiff's Amended Complaint fails to set forth the basis of this Court's jurisdiction, fails to explain who did what to whom and when, and fails to set forth the relief she is seeking. As such, the Amended Complaint fails to state a claim upon which relief may be granted. Because plaintiff was once given leave to amend and the Amended Complaint failed to cure the deficiencies in the original Complaint, this case shall be **DISMISSED.**

    **IT IS SO ORDERED.**

    The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

    Dated this 14th day of March, 2011.

                            RONALD B. LEIGHTON
                            UNITED STATES DISTRICT JUDGE